IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANAE SNYDER**, *et al.*,

    **Plaintiffs,**

    v.

**VILLAGE OF BELLAIRE**, *et al.*,

    **Defendants.**

Case No. 2:21-cv-3351
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This case was filed on June 8, 2021.  (ECF No. 1.)  On June 30, 2021, Plaintiffs filed an Amended Complaint, naming Defendants Village of Bellaire (a.k.a. City of Bellaire), Village of Bellaire Police Department ("BPD"), Bellaire Police Chief Richard Flanagan ("Flanagan"), Bellaire Officer Gene Grim (aka Gene Grimm), and John and Jane Does.  (ECF No. 5.)  On July 6, 2021, Defendant Gene Grim (aka Gene Grimm) filed an Answer to Plaintiff's Amended Complaint.  (ECF No. 6.)  On August 2, 2021, Defendant Village of Bellaire filed an Answer to Plaintiff's Amended Complaint.  (ECF No. 7.)

On October 14, 2021, the Court ordered Plaintiffs to show cause within fourteen (14) days why the Court should not dismiss this action as to Defendants BPD and Flanagan pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 9.)  Plaintiffs responded to the Order on October 21, 2021 and reported Plaintiffs' apparent misunderstanding that Defendants BPD and Flanagan were waiting for Plaintiffs to forward a waiver of service of summons.  (ECF No. 10.)  On October 22, 2021, the Court granted Plaintiff until November 5, 2021 to effectuate service on Defendants BPD and Flanagan.  (ECF No. 11.)

To date, however, service of process still has not been completed on Defendants BPD or Flanagan as required by Federal Rule of Civil Procedure 4(m). It is therefore **RECOMMENDED** that the Court **DISMISS** this action without prejudice as to Defendants Bellaire Police Department and Bellaire Police Chief Richard Flanagan pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: November 10, 2021**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**